UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/06

In re AMERICAN EXPRESS FINANCIAL
ADVISORS INC. SECURITIES LITIGATION

04-CV-1773 (DAB)

## ORDER

Whereas, non-public personal financial information held by a financial institution is generally protected from disclosure by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809; and

Whereas, an exception to such protection from disclosure exists under 15 U.S.C. § 6802(e)(8) for information disclosed in response to "judicial process"; and

Whereas, Plaintiffs in this action have requested the Defendant American Express Financial Advisors Inc., now known as Ameriprise Financial Services, Inc., (collectively, "AEFA"), to produce confirmatory discovery, including certain non-public personal financial information, for the purpose of permitting Plaintiffs' Co-Lead Counsel to confirm the appropriateness of the proposed settlement, and later to effectuate or administer the final settlement, in the interests of the putative class;

**IT IS HEREBY ORDERED THAT**

Defendant AEFA shall produce to Plaintiffs' Co-Lead Counsel the following non-public personal financial information:

- Information regarding individual class members' purchases of financial plans from AEFA during the class period;

- Information regarding individual class members' transactions with respect to certain American Express mutual funds;

- Information regarding individual class members' transactions with respect to certain other mutual funds that paid revenue sharing and/or directed brokerage to AEFA;

- Information regarding individual class members' transactions with respect to certain other fee-for-advice products;

- Individual class members' names and last known addresses for the purpose of providing notice of, and subsequently administering, the settlement.

**It is further ordered** that this non-public personal financial information, once produced by AEFA, shall be covered by, and subject to the protections and requirements of, the Protective Order submitted to this Court on November 14, 2005, which shall be interpreted to permit the use of such non-public personal financial information to effectuate or administer the terms and conditions of the final settlement, once approved by this Court.

**It is further ordered** that this Order shall not be construed to waive any applicable objection that may be made by AEFA with respect to the production of information and other discovery and is without prejudice to AEFA's rights to object later to the use, admissibility, or relevance of such data.

BY THE COURT:

*Deborah A. Batts*
Judge Deborah A. Batts  4/10/06