# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AMERICAN EXPRESS FINANCIAL ADVISORS SECURITIES LITIGATION | Master File No. 04 Civ. 1773 (DAB) |

### ORDER PROVISIONALLY CERTIFYING CLASS, DIRECTING DISSEMINATION OF NOTICE, AND SETTING HEARING ON FAIRNESS OF PROPOSED SETTLEMENT

WHEREAS, Plaintiffs, Defendants, and Nominal Defendants have entered into a Stipulation of Settlement dated January 18, 2007 ("Stipulation"),[1] which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, as well as the Supplemental Agreement, sets forth the terms and conditions for the proposed settlement and dismissal of this action and the claims alleged herein on the merits and with prejudice; the Court having read and considered the Stipulation and the accompanying documents; and the Parties having consented to the entry of this Order; and all defined terms used herein having the meanings defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby certified as a class action on behalf of the following Class:

All Persons who, at any time during the Class Period:

---

1.    All defined terms have the same meaning as defined in the Stipulation of Settlement dated January 18, 2007.

1

   (i) Paid a fee for financial advice, financial planning, or financial advisory services pursuant to a Financial Advisory Service Agreement;

   (ii) Purchased any of the Non-Proprietary Funds through AEFA or for which AEFA was listed as the broker;

   (iii) Purchased any of the AXP Funds through AEFA or for which AEFA was listed as the broker; and/or

   (iv) Paid a fee for financial advice, financial planning, or other financial advisory services rendered in connection with an SPS, WMS and/or SMA account.

Excluded from the Class are Defendants, Nominal Defendants, members of Defendant James M. Cracchiolo's immediate family, any entity in which any Defendant or Nominal Defendant has or had a controlling interest, and the employees, agents, legal affiliates, or representatives who had been employees, agents, legal affiliates or representatives during the Class Period, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party, and all persons and entities who timely and validly request exclusion from the Class pursuant to the Mailed Notice or Publication Notice disseminated in accordance with this Order.

  2. Plaintiffs assert claims against Defendants under Sections 12(a)(2) and 15 of the Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rules 10b-5(a)-(c) and 10b-10 promulgated thereunder; Section 20(a) of the Securities Exchange Act of 1934; the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-5, 80b-6; the Minnesota Uniform Deceptive Trade Practices Act, Minnesota Consumer Fraud Act, Minnesota False Advertisement Act, and Minnesota Unlawful Trade Practices Act; and for

breach of fiduciary duty and unjust enrichment. For purposes of the Settlement only, the Court certifies these claims for class treatment.

3.  The Court finds that, for the purposes of settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Class Members is so numerous that joinder of all individual Class Members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the Class; (e) questions of law and fact common to the Class Members predominate over questions affecting only individual Class Members; and (f) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiffs (Leonard D. Caldwell, Carol M. Anderson, Donald G. Dobbs, Kathie Kerr, Susan M. Rangeley, and Patrick J. Wollmering) as representatives of the Class for purposes of the Settlement.

5.  Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiffs' counsel, the law firms of Girard Gibbs LLP, Milberg Weiss & Bershad LLP, and Stull Stull & Brody, as Plaintiffs' Co-Lead Counsel for the Class for purposes of the Settlement.

6.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby sets a hearing ("Final Fairness Hearing") to be held _____, 2007 at _____:m, for the following purposes:

   (a) to make a final determination of whether this Action satisfies the applicable prerequisites for class action treatment, for purposes of settlement, under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

   (b) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

   (c) to determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice as against Defendants and Nominal Defendants, and to determine whether the release by the Class of the Released Claims as set forth in the Stipulation should be provided to the Released Persons;

   (d) to determine whether the Plan of Allocation proposed by Plaintiffs' Co-Lead Counsel for the proceeds of the Settlement is fair, reasonable, and adequate and should be approved by the Court;

   (e) to determine whether Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and for authorization to pay to the class representatives in this action and plaintiffs in a related case known as Haritos v. American Express Financial Advisors, Inc., Case No. 02-2255 PHX-PGR, pending in the United States District Court for the District of Arizona, incentive awards from the award of attorneys' fees should be granted; and

   (f) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Stipulation and dismissing the Complaint as against

Defendants on the merits and with prejudice regardless of whether it has approved a Plan of Allocation or awarded attorneys' fees or reimbursement of expenses.

8. The Court approves the form and substance of, and requirements set forth in, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Settlement Fairness Hearing ("Mailed Notice"); the Proof of Claim form; and the Summary Notice of Proposed Settlement of Class Action ("Publication Notice") attached hereto as Exhibits 1, 2, and 3, respectively.

9. The Court approves the designation of the Garden City Group as Claims Administrator. The Claims Administrator shall cause the Mailed Notice and the Proof of Claim form, substantially in the forms attached hereto, to be mailed, by first-class mail, postage prepaid, on or before _____, to all Class Members who can be identified with reasonable effort. No later than ___ days after issuance of this Order, Defendant AEFA shall provide or cause to be provided to the Claims Administrator lists of the last known names and addresses of all Persons falling within the Class definition for whom such information is reasonably ascertainable from AEFA's records. Plaintiffs' Co-Lead Counsel shall, at or before the Final Fairness Hearing, file with the Court proof of mailing of the Mailed Notice and Proof of Claim form.

10. The Claims Administrator shall also cause the Publication Notice to be published in the national edition of <u>The Wall Street Journal</u> and <u>Parade Magazine</u> within ten days after the initial mailing of the Settlement Notice and Proof of Claim form to Class Members. Plaintiffs' Co-Lead Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Publication Notice.

11. The form and content of the Mailed Notice and Publication Notice, and the method set forth herein of notifying the Class of the Settlement, its terms and conditions, and the

5

Final Fairness Hearing meet the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _____, 2007. Such deadline may be further extended by Court Order. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim submitted by United States mail shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Proof of Claim is acting in a representative capacity, documentation establishing that he has authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iii) the Proof of Claim must be complete and contain no material deletions or

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Regardless of whatever Plan of Allocation is approved, any Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for in the Stipulation, and will be barred from bringing any action against the Released Persons asserting the Released Claims.

14. Each Person who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Person's status as a Class Member and the validity and amount of the claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

15. Distribution of the Net Settlement Fund in accordance with the Stipulation and the Plan of Allocation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for in the Stipulation, and will be barred from bringing any action against the Released Persons asserting the Released Claims.

16. All proceedings with respect to the administration, processing, and determination of claims described by paragraph 13 above and the determination of all controversies relating

thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

17. The Net Settlement Fund shall be distributed in accordance with the Plan of Allocation only after the Effective Date and after (i) all timely Proofs of Claim have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided with the opportunity to be heard concerning such rejection or disallowance; (ii) all timely objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court and all appeals therefrom have been resolved or the time therefor has expired.

18. Plaintiffs' Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel and Nominal Defendants' Counsel, for an order ("Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing distribution of the Net Settlement Fund in accordance with the Plan of Allocation.

19. No Person shall have any claim against any Plaintiffs, Class Members, the Claims Administrator, Defendants, Nominal Defendants, or their respective attorneys based on investments or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

20. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to request

exclusion shall mail the request in written form by first-class mail, postmarked no later than \_\_\_\_\_, 2007, to the address designated in the Settlement Notice. The exclusion request must clearly state the name, address, and telephone number of the Person seeking exclusion; state that the person requests to be excluded from the class and settlement in the American Express Financial Advisors Securities Litigation; and be signed by the Person seeking exclusion. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

21. The Court stays all proceedings in connection with Defendants' motion to dismiss the Second Consolidated Amended Complaint. If, following the date of this Order, any action brought by a Class Member seeking to prosecute any Released Claims has been or is filed with any court, arbitration panel, or other such forum, the Parties may seek an order preliminarily enjoining any such action pending final approval of the Settlement and exhaustion of all appeals and review proceedings concerning final approval of the Settlement and/or expiration of the time to initiate such an appeal or review proceeding; except that, in the event a claim is brought by an Opt-Out, a Party may seek an order preliminarily enjoining such claim only if the Party determines that it threatens this Court's jurisdiction or its ability to implement the Settlement.

22. The Court will consider comments in support of, and in opposition to, the Settlement, the proposed Plan of Allocation, or the motion of Plaintiffs' Co-Lead Counsel for the an award of attorneys' fees and reimbursement of expenses only if such comments and any supporting papers are submitted in writing to: *In re American Express Financial Advisors Sec. Lit.*, Case No. 04 Civ. 1773 (DAB), Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl

Street, Room 2510, New York, New York 10007-1312, and copies of all such papers are properly served, postmarked no later than _____, 2007, on each of the following:

| Daniel C. Girard<br>Girard Gibbs LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br><br>Plaintiffs' Co-Lead Counsel | Peter K. Vigeland<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>399 Park Avenue<br>New York, NY 10022<br><br>Defendants' Counsel |
|---|---|

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and expenses are required to indicate in their written comments their intention to appear at the hearing, as set forth in the Settlement Notice. Persons who intend to oppose the Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and expenses, and desire to present evidence at the Final Fairness Hearing, must include in their written comments the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

23.  Pending final determination of whether the Settlement should be approved, each Plaintiff and Class Member, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts any Released Claim against any Released Party.

24.  If the Settlement is terminated pursuant to any of paragraphs 47 through 52 of the Stipulation and/or the Supplemental Agreement, then the Stipulation, including any amendments thereof, and this Order certifying the Class and appointing Plaintiffs as Class representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or

10

proceedings by any person or entity, and each Party shall be restored to his, her, or its respective position as it existed immediately prior to the commencement of settlement discussions between the parties and the mediation conducted by the Honorable Edward Infante. In the event the Settlement is terminated, the Defendants shall be free to contest class certification, notwithstanding certification of the class for purposes of the Settlement. Pursuant to paragraphs 50 of the Stipulation, in the event the Settlement is terminated, neither Plaintiffs, Class Members, nor their attorneys will have any financial responsibility or liability for any Notice and Administrative Costs.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or in connection with the Settlement.

DATED:_____     _____
                                  THE HONORABLE DEBORAH A. BATTS
                                  UNITED STATES DISTRICT JUDGE